**FILED**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JUL 26 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| Iesha Patton<br>*Plaintiff*<br><br>vs<br><br>ProCollect, Inc<br>Tolteca Enterprises, Inc. dba<br>The Phoenix Recovery Group<br>Copernicus Realty, LLC<br><br>*Defendant(s)* | § § § § § § § § § | Case Number:<br><br>**SA24CA0839 FB**<br><br>DEMAND FOR JURY TRIAL |

## ORIGINAL COMPLAINT

1. Plaintiff, Iesha Patton ("Plaintiff") brings this action for claims under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692, *et seq.*, the Texas Debt Collection Act, Tex. Finance Code §392.001 *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA") to obtain actual damages, and statutory damages, against ProCollect, Inc.,("Procollect") Tolteca Enterprises, Inc. dba Phoenix Recovery Group ("PRG") and Copernicus Realty, LLC Collectively ("Defendants") .

## JURISDICTION AND VENUE

2. This Court has subject matter Jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a)

1

3. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, because Defendants transacts business in this district.

## STANDING

4. Plaintiff has suffered an injury in fact that is traceable to the Defendants conduct and is likely to be redressed by a favorable decision in this matter.

5. Plaintiff has suffered an injury because of Defendant's conduct giving rise to standing before the court. *Spokeo, Inc. v. Robins,* 136 S. Ct 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 580 (1992) (Congress has power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi,* 895 F. 2d 1521, 1526-27 (7th Cir. 1990) (Congress can create new substantive right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## THE PARTIES

6. Plaintiff is an individual residing in Bexar County Texas.

7. Defendant Procollect is a Domestic for-profit corporation and may be served by servicing its registered agent at the following address:

> John W Bowdich
> 8150 N. Central Expy Suite 500
> Dallas, TX 75206 USA

8. Defendant PRG is a Domestic for-profit corporation and may be served by servicing its registered agent at the following address:

> Vennesa Gamboa

2

1045 CHEEVER STE 204
San Antonio, TX 78217 USA

9. Defendant Copernicus Realty, LLC is a Domestic for-profit corporation and may be served by servicing its registered agent at the following address:

Copernicus G Guerra
302 Valley Hi
San Antonio, TX 78227 USA

## FACTUAL ALLEGATIONS

10. Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

11. Plaintiff is a "consumer" as that term is defined by §392.001(1) of the TDCA.

12. Plaintiff incurred an alleged debt for goods and services for personal family or household purposes ("alleged debt").

13. The alleged debt is a "debt" as that term is defined by §1692a(5) of the FDCPA.

14. The alleged debt is a "debt" as that term is defined by §392.001(2) of the TDCA.

15. Due to financial circumstances, Plaintiff could not pay the alleged debt, and the alleged debt went into default.

16. Defendant Procollect is in the business of collecting defaulted consumer debts originally owed to other entities.

17. Defendant Procollect is a "debt collector" as that term is defined at §1692a(6) of the FDCPA.

18. Defendant Procollect is a "third-party debt collector" as that term is defined at §392.001(7) of the TDCA.

19. Defendant PRG is in the business of collecting defaulted consumer debts originally owed to other entities.

20. Defendant PRG is a "debt collector" as that term is defined at §1692a(6) of the FDCPA.

21. Defendant PRG is a "third-party debt collector" as that term is defined at §392.001(7) of the TDCA.

22. Defendant Copernicus Realty, LLC is the former landlord of Plaintiff and the original creditor of the alleged debt that was sold or transferred to PRG.

23. Defendant Copernicus Realty, LLC is a "debt collector" as that term is defined at §392.001(6) of the TDCA.

24. On or about July 2023, Plaintiff checked her credit report.

25. On the report she noticed tradelines from Defendants Procollect and PRG.

26. Defendant Procollect furnished a tradeline of $833 allegedly owed to FAMSA TX.

27. Defendant PRG furnished a tradeline of $1,899 allegedly owed to Copernicus Realty, LLC.

28. The transmission of credit reporting by Procollect was a form of "debt collection" as that term is defined at §392.001(5) of the TDCA.

29. The transmission of credit reporting by PRG was a form of "debt collection" as that term is defined at §392.001(5) of the TDCA.

30. On or about July 2023, Plaintiff sent defendants Procollect and PRG a dispute/debt validation letter. The letters were received.

31. On or about August 30, 2023, Defendant Procollect sent a letter to Plaintiff validating the debt whereby Procollect sought to collect a balance of $833.14 regarding the alleged debt.

32. However the unpaid charges of the alleged debt were time barred under Texas statute of limitations, the charges accrued in 2018 more than four years before the date of the August 30, 2023, letter.

33. The August 30, 2023 letter from defendant Procollect was a "communication" as that term is defined by §1692a(2) of the FDCPA.

34. The August 30, 2023, letter from Defendant Procollect was a form of "debt collection" as that term is defined by 392.001(5) of the TDCA.

35. The August 30, 2023, letter was false and misleading to the unsophisticated/least sophisticated consumer in such as it failed to disclose in any way the alleged debt was time barred debt an unenforceable, and that any partial payment could reinstate the applicable statue of limitations. An unsophisticated/least sophisticated consumer could easily believe that the failure to pay the alleged debt could result in a lawsuit to enforce the entire balance, notwithstanding the fact that the alleged debt is legally unenforceable.

36. On or about September 7, 2023, Defendant PRG sent a letter to Plaintiff validating the debt whereby PRG sought to collect a balance of $1,899.14 regarding the alleged debt.

37. However the unpaid charges of the alleged debt were time barred under Texas statute of limitations, the charges accrued on September 1, 2019, more than four years before the date of the September 7, 2023 letter.

38. The September 7, 2023 letter from defendant PRG was a "communication" as that term is defined by §1692a(2) of the FDCPA.

39. The September 7, 2023, letter from Defendant PRG was a form of "debt collection" as that term is defined by 392.001(5) of the TDCA.

40. The September 7, 2023, letter was false and misleading to the unsophisticated/least sophisticated consumer in such as it failed to disclose in any way the alleged debt was time barred debt an unenforceable, and that any partial payment could reinstate the applicable statute of limitations. An unsophisticated/least sophisticated consumer could easily believe that the

failure to pay the alleged debt could result in a lawsuit to enforce the entire balance, notwithstanding the fact that the alleged debt is legally unenforceable.

41. Plaintiff alleges that Copernicus Realty, LLC was aware that PRG was reporting false information to the credit reporting agencies of Plaintiff.

42. Under Texas law a landlord in a residential lease has a statutory duty to mitigate damages. Consequently, Plaintiff was entitled to a significant credit toward the alleged debt.[1]

43. Even if the lease was somehow enforceable, Plaintiff would be entitled to a significant mitigation.

44. Plaintiff has been injured by Defendants action(s).

## COUNT I

## VIOLATION OF THE TEXAS DEBT COLLECTION ACT

45. Plaintiff incorporates all facts as alleged in the foregoing paragraphs.

46. **Chapter 392, Section 304 of the Texas Finance code provides as follows:**

**FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS**

(a) **Except as otherwise provided by the section, in debt collection or in obtaining information concerning a consumer, a debt collector may not use a fraudulent deceptive, or misleading representation that employs the following practices:**

**(8) misrepresenting the character, extent or amount of a consumer debt or misrepresenting the consumer debts status in a judicial or governmental proceeding;**

**(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.**

---

[1] **Texas Property Code 91.006**
   (a)   A landlord has a duty to mitigate damages if a tenant abandons the leased premises in violation of the lease.
   (b)   A provision of a lease that purports to waive a right or to exempt a landlord from liability or duty under this section is void.

6

47. Plaintiff alleges that Procollect violated the foregoing provisions of chapter 392, Section 304 of the Texas Finance Code by misrepresenting the consumer status as well as false representation or deceptive means to collect an alleged debt.

48. Plaintiff alleges that PRG violated the foregoing provisions of chapter 392, Section 304 of the Texas Finance Code by misrepresenting the consumer status as well as false representation or deceptive means to collect an alleged debt.

49. Plaintiff alleges that Defendant Copernicus Realty, LLC misrepresented the amount of the alleged debt by transmitting to PRG inaccurate information when it knew or should have known PRG in turn transmit to the credit reporting agencies of Plaintiff.

50. Plaintiff alleges that she has actual damages because of the foregoing violations.

## COUNT II.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT §1692e

51. Plaintiff incorporates all facts as alleged in the foregoing paragraphs.

52. **15 U.S.C. §1692(e)(2)(A) and (10) of the FDCPA provides as follows:**

**FALSE OR MISLEADING REPRESENTATIONS**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2) The false representation of—**
   **(A) the character, amount, or legal status of any debt;**

7

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

53. Defendant Procollect violated sections (2)(A) and (10) of 15 U.S.C. §1692e by seeking the collection of $833.14 in consumer debt that was time barred under Texas statute of limitations a) without disclosing that the alleged debt was time barred and b) without disclosing that a partial payment on the time barred alleged debt could restart the statute of limitations.

54. Defendant PRG violated sections (2)(A) and (10) of 15 U.S.C. §1692e by seeking the collection of $1,899.14 in consumer debt that was time barred under Texas statute of limitations a) without disclosing that the alleged debt was time barred and b) without disclosing that a partial payment on the time barred alleged debt could restart the statute of limitations.

55. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e); *Gonzalex v. Kay,* 577 F. 3d 600, 603 (7th Cir. 2009). The statue provides for civil liability for a wide range of abusive actions, including, but not limited to, the false representation of the character, amount, or legal status of any debt. 15 U.S.C. §1692e(2)(A). Similarly, the Texas Legislature "passed the [Texas] Debt Collection Act to prevent creditors from preying on consumer's fears and ignorance of the law to pursue allegedly delinquent debts." *Brown v. Oaklawn Bank,* 718 S.W. 2d 678, 680 (Tex. 1986). The fifth Circuit has opined that Congress "clearly intended the FDCPA to have a broad remedial scope." *Hamilton v United healthcare of La., Inc.,* 310 F 3d 385, 392 (5th Cir 2002).

56. Plaintiff seeks to enforce those policies and civil rights which are expressed through the TDCA and the FDCPA. These Acts encourage consumers to act as "private attorney general" to enforce the public policies and protect the civil

rights expressed therein. *See e.g. Crabill v. Trans Union, LLC,* 259 F 3d 662, 666 (7ᵗʰ Cir. 2001); *Young v. Asset Acceptance, LLC, Civil Action,* No.3:09-CV-2477-BH,2011 WL 618274, *2 (N.D. Tex. 2011).

## COUNT III

## VIOLATIONS OF THE FDCPA- 15 U.S.C. §1692f

57. Plaintiff adopts and incorporates paragraphs above as if fully stated herein.

58. **15 U.S.C. §1692f of the FDCPA provides as follows:**

## UNFAIR PRACTICES

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

59. Such practices from Defendants are unfair to "debt collectors who refrain from using abusive debt collection practices" to debtors who are competitively disadvantaged.

## PRAYER FOR RELIEF

Plaintiff request that this court award him:

a. Actual and statutory damages pursuant to 15 U.S.C. §1692k(a)(1) and (a)(2);

b. Costs pursuant to 15 U.S.C. §1692k(a)(3);

c. Actual and statutory damages pursuant to Texas Finance Code §392.403(a)(2);

d. Such other or further reliefs the court deems proper.

Respectfully Submitted,

**Iesha Patton Plaintiff** *pro se*
136 Exeter Place Dr. Apt 8204
San Antonio, Texas 78253
ieshapatton.ip@gmail.com
(254)654-9583

*All rights reserved*

Dated: July 22,2024